SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

**MEMO ENDORSED**

DIRECT DIAL NUMBER

212-455-2655

E-MAIL ADDRESS

bostrager@stblaw.com

VIA HAND DELIVERY                    February 19, 2008

Re: *Galiano v. Fidelity National Title Insurance Co., et al.*, No. 08 Civ. 1317 (KMK),
    *Kromer, et al. v. Fidelity National Title Insurance Co., et al.*, No. 08 Civ. 1494 (KMK),
    *Miley v. Fidelity National Title Insurance Co., et al.*, No. 08 Civ. 1547,
    *Maratta v. Fidelity National Title Insurance Co., et al.*, No. 08 Civ. 1597

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Dear Judge Karas:

We represent Defendants Fidelity National Title Insurance Company, Fidelity National Financial, Inc., Ticor Title Insurance Company, and Chicago Title Insurance Company (collectively, the "Fidelity Defendants") in the above-captioned actions, all of which are substantially related to the *Galiano* case which is the earliest filed case and is pending before Your Honor. The later filed cases have either been assigned to Your Honor or have been designated as potentially related to the *Galiano* case.

We have asked plaintiffs' counsel in each of these actions to consent to transferring them to the Eastern District of New York, where two substantially identical cases were commenced before any of the above-captioned actions. Plaintiff's counsel in *Miley* has refused to consent to transfer. The two earlier filed actions are pending before the Honorable Joseph F. Bianco in the Eastern District of New York. We respectfully request, in accordance with Your Honor's Individual Rules of Practice, that the Court schedule a pre-motion conference as soon as convenient in order to address the Fidelity Defendants' contemplated motion to transfer the above-captioned actions, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of New York. The basis for the proposed motion follows.

**The Above-Captioned Actions Are Replicas of Cases Already Pending in the Eastern District of New York**

Prior to the filing of the above-captioned actions in this District, two other cases – *Dolan, et al. v. Fidelity National Title Insurance Company, et al.* (No. 08 Civ. 466) and *MBSF Alabama LLC v. Fidelity National Title Insurance Company, et al.* (No. 08 Civ. 528) – which are mirror images of one another, were filed in the Eastern District of New

SIMPSON THACHER & BARTLETT LLP

The Honorable Kenneth M. Karas     -2-     February 19, 2008

York and were assigned to Judge Bianco. A cursory review of the complaints reveals that the complaints in the above-captioned actions are substantially duplicative of the previously filed Eastern District actions.[1] All of the actions are brought on behalf of the same class and allege that the same set of defendants violated the Sherman Act by entering into a price-fixing agreement pursuant to which they collectively set the rates that consumers paid for title insurance in New York notwithstanding the fact that title insurance rates are approved by the New York Superintendent of Insurance pursuant to a New York State statutorily mandated scheme.

**The Interests of Justice and Economy Warrant Transferring this Action to the Eastern District of New York**

A transfer of venue pursuant to 28 U.S.C. § 1404(a) is appropriate where the action could have been brought in the proposed transferee district, and the convenience of the parties and witnesses as well as the interest of justice would be served by the transfer. *See, e.g., In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). It is well established that where there is related litigation pending in the transferee district, it is appropriate to transfer the action. *See, e.g., APA Excelsior III L.P. v. Premiere Tech., Inc.*, 49 F. Supp. 2d 664, 668 (S.D.N.Y. 1999) ("[T]he existence of a related action pending in the transferee court weighs heavily towards transfer."). Moreover, the Second Circuit follows the first to file rule, which provides that "earlier-filed related lawsuits take precedence." *BBC Int'l Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 442 (E.D.N.Y. 2006) (citation omitted); *see also First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79-80 (2d Cir. 1989). We therefore submit that the transfer of the above-captioned actions to the Eastern District of New York is clearly warranted.

There can be no dispute that these actions could have been brought in the Eastern District of New York, as a "proceeding under the antitrust laws against a corporation may be brought . . . in the judicial district whereof [the corporation] is an inhabitant" as well as "any district wherein it may be found or transacts business." 15 U.S.C. § 22; *see also* 28 U.S.C. § 1391(b).

Moreover, given that the complaints are nearly identical to those filed against the same defendants in the Eastern District and are brought on behalf of the same class, it is clearly in the interests of judicial efficiency and economy to transfer these cases so that all of the related litigation can proceed together in the same district. Indeed, numerous courts have held that where, as here, there is litigation in the Southern District that is related to litigation pending in the Eastern District, transferring the Southern District action to the Eastern District serves the goal of efficiency. *See, e.g., Grace v. Bank Leumi Trust Co. of N.Y.*, No. 02 Civ. 6612 (RMB), 2004 WL 639468, at *4 (S.D.N.Y. Mar. 31, 2004). In short,

---

[1] We have enclosed with this letter copies of the Eastern District complaints for the Court's convenience.

SIMPSON THACHER & BARTLETT LLP

The Honorable Kenneth M. Karas    -3-    February 19, 2008

litigating related claims in the same district increases judicial economy by ensuring that "pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968). Conversely, to allow related cases to proceed in separate districts would "lead[] to the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

We look forward to addressing these issues at the pre-motion conference if necessary.

Respectfully submitted,

*[signature]*

Barry R. Ostrager

Enclosures

cc:    (w/out enclosures)
    The Honorable Joseph F. Bianco (via ECF and hand delivery)
    Barbara Hart, Esq. (via electronic mail)
    Kenneth Wexler, Esq. (via electronic mail)
    Gordon Schnell, Esq. (via electronic mail)
    Hollis Salzman, Esq. (via electronic mail)

*[handwritten:]* The Court will hold a pre-motion conference in this and all related cases on March 19, 2008 at 11:30. Movants are to notify all counsel in the related cases. Defendants' time to answer or otherwise respond to the respective complaints is stayed until the conference.

SO ORDERED

*[signature]*

KENNETH M. KARAS U.S.D.J.

3/7/08